IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WHITE | : | CIVIL ACTION |
| [BN1050] | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUPERINTENDENT LOUIS FOLINO, et al. | : | NO. 07-500 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                                                    August 27, 2007
UNITED STATS MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at the State Correctional Institution [SCI] in Waynesburg, Pennsylvania where he is serving an eleven to forty year sentence for robbery, criminal conspiracy and violation of probation. For the reasons which follow, it is recommended that Mr. White's parole claims be denied and dismissed without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

Mr. White pled guilty to four counts of Robbery and one count of Criminal Conspiracy (Robbery), and, in 1991, he was sentenced to an eleven to forty year term of incarceration. His original minimum release date was October 30, 2001, and his original maximum release date was October 30, 2020. *See* Revised Petition at 4; Answer at 1-2. He did not appeal his conviction or his

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. White's Petition for Writ of Habeas Corpus; his revised habeas petition, and the Commonwealth's response, inclusive of all exhibits thereto.

sentence.

The Pennsylvania Board of Probation and Parole [PBPP or the Board] paroled Mr. White for the first time on April 12, 2005; however, approximately one month later, the Board declared him delinquent. *See* Answer, Exhibit R-2, Order to Release on Parole/Reparole; Exhibit R-3, Administrative Action. Petitioner was finally located, and he was found by PBPP to be a Technical Parole Violation on January 5, 2006. He was ordered to serve twelve months backtime. *Id.*, Exhibit R-4, Notice of Board Decision, January 5, 2006.

Because of Mr. White's delinquent time, his maximum release date increased to March 31, 2031; however, on August 1, 2006, the Board notified Mr. White that he would be considered for re-parole in or after October, 2006. *Id.*, Exhibit R-5, Notice of Board Decision, August 1, 2006.

After reviewing Petitioner's file and interviewing him, the Board issued a decision, on November 29, 2006, denying his re-parole. The reasons for the PBPP's decision included:

> Your minimization of the nature and circumstances of the offenses(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior history of supervision failure(s).
>
> Your need to participate in and complete additional institutional programs.

Answer, Exhibit R-6, Notice of Board Decision, November 29, 2006. Mr. White was informed that this decision would be reviewed in or after November, 2007, and at that time the Board would consider: (1) "whether you have participated in/successfully completed a treatment program for:

prescriptive program plans and violence prevention"; (2) "whether you have received a favorable recommendation for parole from the Department of Corrections"; and (3) "whether you have received a clear conduct record and completed the Department of Corrections' prescriptive program(s)". *Id.*

Following the Board's decision, Mr. White filed a Petition for Administrative Review, arguing that the PBPP's decision "is against my livelyhood".  Answer, Exhibit R-7, Petition for Administrative Review.  The Board rejected Petitioner's request for administrative relief on January 2, 2007.  *Id.*, Exhibit R-8.

On February 5, 2007, Petitioner filed the instant habeas petition challenging the PBPP's refusal to re-parole him.  He argues:

> A.  Ground one: Denial of parole for unconstitutional reasons.
>
> On Nov. 29, 2006 the Pennsylvania Board of Probation & Parole used arbitrary & capricious rationals (e.g., past criminal history, failure to gain the Department of Corrections and/or judges recommdation [*sic*]) in order to deny this petitioner reparole.  The misinformation used to deny this petitioner reparole violates his petitioner's constitutional rights, the right to due process & petitioner's protected liberty interest in seeking parole.
>
> B.  Ground two: Denial of access to the state courts to challenge improper parole denial in violation of Petitioner's constitutional rights.
>
> The third circuit court of appeals held that the Pennsylvania appellate courts must review & hear state prisoner's appeals from a denial of parole based upon constitutional grounds.  In response the Commonwealth Court held that the state is not bound by federal court decisions and that a state prisoner seeking parole cannot challenge a refusal of parole by the Pennsylvania Board of Probation & Parole via an appeal to the state courts, thus creating & unresolved conflict between the state and federal courts regarding the proper adjudication of legitimate constitutional claims against the Parole Board leaving

>this petitioner with no available state remedy.

Revised Petition at 9. The Attorney General has responded to Mr. White's habeas petition, arguing that the "Petition contains essentially no facts, and, to the extent that there are any factual allegations, they are incomplete and therefore denied as stated". Answer at 1 "Since the Petition has failed to raise any colorable claim of a constitutional violation, the Petition should be denied and dismissed." *Id.* at 5.

## II. DISCUSSION

A. **Exhaustion**

### 1. *Legal Standards*

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State". The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Mr. White's petition reveals that he did not present his claims to the Pennsylvania courts; however, he is excused from doing so. The Third Circuit has concluded "that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion". *DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005). *See also Elrahman v. Rozum*, 2007 WL 1462027 *2 (E.D.Pa., May 17, 2007) ("[Petitioner] need not pursue additional remedies in the state courts before presenting his due process and Fifth Amendment claims to this court."); *Perry v. Vaughn*,

2005 WL 736633 *6 (E.D.Pa., March 31, 2005) ("[W]e conclude that Petitioner's Fifth and Fourteenth Amendment Claims are exhausted as futile because the Pennsylvania courts would not exercise jurisdiction over them.") I will address Mr. White's claims on the merits.

**B. Merits**

   *2. Habeas Standard of Review*

Petitioner's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA]; therefore, the amended habeas standards apply to his habeas claims.. AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

28 U.S.C. §2254(d)(Supp. 1998).

"'[C]learly established Federal law' under §2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 73 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

5

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

*Id.* at 75 (2003) (*quoting Williams v. Taylor*, 529 U.S. at 409-413 (2000)).

With respect to §2254(d)(2), the burden is on the petitioner to establish that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. *Campbell v. Vaughn*, 209 F.3d 280, 290-91 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

> [A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. Yet "deference does not imply abandonment or abdication of judicial review". In other words, "[d]eference does not by definition preclude relief".

*Lambert v. Blackwell*, 387 F.3d 210, 234-235 (3d Cir. 2004) (*quoting Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)), *cert. denied*, 125 S.Ct. 2516 (2005).

### 2. *Petitioner's Claims*

In his habeas claims, Mr. White argues that he has a constitutionally protected liberty interest in parole and that the Board's parole denials have been arbitrary and capricious in violation of his due process rights. He also asserts that there is a conflict between the state and federal courts regarding the proper adjudication of legitimate constitutional claims against the PBPP, thus, denying him access to the state courts. *See* Amended Petition at 9. It, therefore, appears that Petitioner is alleging that the decision of the PBPP violated his right to procedural due process and/or substantive due process. These claims are without merit.

The Fourteenth Amendment to the United States Constitution provides that a state may not "deprive any person of life, liberty, or property, without due process of law". U.S. Const. Amend. XIV, §1. The Fourteenth Amendment only requires due process where a state interferes with a protected liberty interest. *Kentucky Dep't. of Corrs. v. Thompson*, 490 U.S. 454, 459-60 (1993). Therefore, Mr. White must demonstrate a deprivation of a liberty interest to validly claim a violation of his procedural due process rights.

The United States Constitution does not give an inmate a liberty interest in parole protected by the Fourteenth Amendment. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")

A state may, under certain circumstances, create liberty interests which are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, "[. . . ] the Pennsylvania Supreme Court has long held that 'a denial of parole does not implicate a constitutionally protected liberty interest.'" *Thorpe v. Curran*, 80 Fed.Appx. 215, 219 (3d Cir. 2003) (not precedential), *cert. denied*, 124 S.Ct. 2882 (2004). *See Bonilla v. Vaughn*, No. 97-7440, 1998 WL 480833 at *8 (E.D.Pa. August 14, 1998) (because Pennsylvania's parole system grants the Board broad discretion in parole determinations, prisoners in Pennsylvania have no protected liberty interest in the grant of parole).

Because neither the United States Constitution nor Pennsylvania law gives Mr. White a constitutionally protected liberty interest in parole, he has not established a violation of his procedural due process rights, and his claim is meritless.

Similarly, Petitioner has not established a violation of his substantive due process rights. A

parole denial *can* give rise to a substantive due process deprivation if the denial is based upon constitutionally impermissible reasons.  *See Block v.Potter*, 631 F.2d 233, 236 (3d Cir. 1980) ("a state statute may not sanction totally arbitrary parole decisions founded on impermissible criteria").

> [C]ourts can review the substance of parole decisions, as distinguished from the adequacy of the procedures, to determine whether a parole board exercised its authority arbitrarily. [. . .] When presented with ]. . .] a discretionary scheme, the role of judicial review on application for a writ of habeas corpus "is to insure that the Board followed criteria appropriate, rational and consistent with the statute and that its decision was not arbitrary and capricious nor based on impermissible considerations.  In other words, the function of the judicial review is to determine whether the Board abused its discretion."

*Id.* at 236-237 (*quoting Zannino v. Arnold*, 531 F.2d 687, 690 (3d Cir. 1976)).  In order to show a violation of substantive due process, the action taken by the Board must "shock the conscience".  *United Artists Theatre Circuit, Inc. v. The Township of Warrington, PA*, 316 F.3d 392, 399-400 (3d Cir. 2003); *Hunterson v. Disabato*

"However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Mr. White has not established that the Board's decisions to deny him parole are arbitrary or founded on impermissible criteria.  The Board reviewed Petitioner's re-parole application and denied it for specific reasons well within its discretion.  The reasons for the Board's denial of Mr. White's request for parole included: his minimization of the nature and circumstances of the offenses he committed; his lack of remorse for the offenses he committed; the negative recommendation made by the Department of Corrections; his prior history of supervision failure, and his need to participate

in and complete additional institutional programs. This reasoning is logical, well within the statutory guidelines (*See* 61 P.S. §331.19.), and not shocking to the conscience. There is nothing in the record to indicate that improper factors were considered by the Board.

Neither is there anything in the record that reveals a conflict between the state and federal courts concerning the proper adjudication of *legitimate* constitutional claims against the Board. Petitioner's claims against the Board are not legitimate constitutional claims. That Mr. White does not agree with the Board's decision is no surprise; however, his disagreement with the decision, does not mean that a constitutional violation occurred. As stated in *McNatt v. Patrick*, 2007 WL 983838 *8 (W.D.Pa, March 27, 2007), "[t]hese differences of opinion Petitioner has with the Board concerning his suitability for release are not proper fodder for a habeas petition". As a rational basis exists for the Board's denial of Mr. White's re-parole, I find that the Board's parole denials did not result in a violation of Petitioner's substantive due process rights.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE